Bell, J.
 

 The single question presented is whether the amounts paid to the taxpayer, Professor French, in the year 1942, under his contracts with McGraw-Hill Book Company, are exempt from taxation as salary or wages under a contract of employment. The appellant contends that the contracts are contracts of employment, and that the payments made thereunder constituted salary or wages and therefore are exempt from taxation. The appellee contends that the amounts were paid upon an investment, to wit, the right to receive a royalty, a form of intangible personal property.
 

 The provisions of the Constitution and statutes of this state together with the decisions of this court make taxation of all property the rule and exemption therefrom the exception, hence, where exemption of property from taxation is claimed, the burden is on the claimant to establish clearly such, right.
 

 It is obvious that Professor French’s manuscripts constituted property which was a proper subject of contract.
 

 In our view of the matter the fact that (with one exception) the copyrights were secured by the publisher is not controlling.
 

 It is apparent from a reading of the contracts that both author and publisher had an investment in the books. The author had invested his time, energy and skill; the publisher had contracted to invest its money. Each party was to share in the profits.
 

 
 *227
 
 Section. 5323, General Code (115 Ohio Laws, 552), insofar as pertinent here, read as follows:
 

 “The term 'investments’ as used in this title [Taxation] includes the following:
 
 *
 
 # *
 

 “Annuities,
 
 royalties
 
 and other contractual obligations for the periodical payment of money and all contractual and other incorporeal rights of a pecuniary nature whatsoever from which income is or may be derived, however evidenced, excepting ® * * (2) employment and partnership contracts and salaries and wages derived therefrom * # (Emphasis added.)
 

 Specifically, the appellant claims the situation here presented comes within the exception “employment or partnership contracts and salaries and wages derived therefrom. ’ ’
 

 An employment contract presupposes the right of control by the employer over the manner of doing the work by the employee. If the contracts here involved be employment contracts, it must follow that McGraw-Hill Book Company is the employer and Professor French is the employee. The contracts contain not one word from which it could be concluded that the publisher (McGraw-Hill Book Company) had any right of control over the manner of doing the work by the author (Professor French).
 

 The provisions of the contracts negative any theory of partnership and no such claim is advanced.
 

 We are unable therefore to agree with the contention that the contracts here involved are contracts of employment or that the amounts paid thereunder are salary or wages.
 

 Appellee contends and the Board of Tax Appeals concluded that the payments are “royalties” within the meaning of Section 5323, General Code,
 
 supra.
 

 The word “royalty” is one of varying meanings. One of the many definitions of the word found in the Oxford dictionary is as follows: ■
 

 
 *228
 
 “A payment made to an author,, editor, or composer for' each copy of a book, piece of music, etc., sold by the publisher, or for the re-presentation of a play.”
 

 That is substantially the definition of the word adopted by the Board of Tax Appeals in the instant case.
 

 In this class of cases this court is without authority to reverse a decision of the Board of Tax Appeals unless the record reveals that such decision is either unlawful or unreasonable. Here we are unable to so conclude, therefore the decision should be and hereby is affirmed.
 

 Decision affirmed.
 

 Wetgandt, C. J., Zimmerman, Williams, Turner, Matthias and Hart, JJ., concur.